1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7              **DISTRICT OF NEVADA**

8

9    JOSEPH COPPOLA,

10         Petitioner,                          Case No. 2:16-cv-01365-GMN-NJK

11   vs.                                        **ORDER**

12   DAVID J. EBBERT, et al.,

13         Respondents.

14

15         Before the court is a document titled:

16   FIRST AMENDMENT BILL OF COMPLAINT FOR REDRESS OF GRIEVANCES IN
     THE NATURE OF WRIT OF HABEAS CORPUS AD SUBJICIENDUM

17
     Take notice:  This is not a 28 U.S.C. § 2255 or 2241!

18

19   Petitioner is in the custody of the Federal Bureau of Prisons.  He was a defendant in a criminal

20   action before this court, United States v. Coppola, Case No. 2:03-cr-00010-LRH-PAL.  He was

21   convicted of two counts of bank robbery.  He appealed, and the court of appeals affirmed.  He filed

22   a motion attacking his sentence under 28 U.S.C. § 2255.  This court denied the motion and denied a

23   certificate of appealability.  Petitioner filed a late notice of appeal that the court determined was

24   timely.  The court of appeals denied a certificate of appealability.

25         Petitioner alleges that the judgment of conviction in United States v. Coppola is not valid.

26   As a general rule, a federal prisoner challenging the validity of his sentence may not file a petition

27   for a writ of habeas corpus, but must instead file a motion in the sentencing court.  28 U.S.C.

28

1   § 2255(e).  Section 2255 has an exception to this rule, known as the "savings clause," when the

2   relief that it provides would be inadequate or ineffective.  Id.

3   　　　If the prisoner is not attacking the validity of his sentence, but instead the manner of the

4   sentence's execution, then § 2255 does not provide adequate or effective relief, and a habeas corpus

5   petition pursuant to 28 U.S.C. § 2241 would be appropriate.  See United States v. Giddings, 740

6   F.2d 770, 772 (9th Cir. 1984); see also Ridenour v. United States, 446 F.2d 57 (9th Cir. 1971).

7   Additionally, this "escape hatch" is available for "a federal prisoner who is 'actually innocent' of the

8   crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim

9   of innocence."  Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).

10   　　　Petitioner's allegations have nothing to do with the manner in which his sentence is

11   executed.  Instead, among other arguments, he argues that the court lacked jurisdiction to hear his

12   criminal case.  All of his claims address the validity of his sentence.  Petitioner needs to raise them

13   in a § 2255 motion.

14   　　　The court will not construe the complaint as a § 2255 motion.  Setting aside petitioner's

15   protestations that this is not a § 2255 motion, he already has pursued a § 2255 motion in his criminal

16   case.  He would need to obtain authorization from the court of appeals before filing another § 2255

17   motion.  28 U.S.C. § 2255(h).  Petitioner has not obtained such authorization.  He has not presented

18   any arguments why he should be given authorization.  The court sees no need to transfer further this

19   action to the court of appeals.  Instead, the court will dismiss the action.

20   　　　Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the

21   court will not issue a certificate of appealability.

22   　　　IT IS THEREFORE ORDERED that this action is **DISMISSED**.  The clerk of the court

23   shall enter judgment accordingly and close this action.

24   　　　IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

25   　　　DATED: August 4, 2016

26

27                                                                    _____

28                                                                    Gloria M. Navarro, Chief Judge
                                                                     United States District Court

-2-